UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN ALLEN COTTRELL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NAPHCARE, INC., MARY JANE JOHNSON, JULIE HUTCHINSON, and SYLVIE STACY,<br><br>　　　　　　　Defendants. | NO. 4:17-CV-5086-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants NaphCare, Inc., Mary Jane Johnson, Julie Hutchinson, and Sylvie Stacy's Motion to Dismiss and Motion for Summary Judgment (ECF No. 72). The Motion was submitted without a request for oral argument. Plaintiff Shawn Cottrell has not filed a timely response nor any response as of the date of the entry of this Order. The Court has reviewed the briefing, the record, and files herein, and is fully informed. For the reasons discussed below, the Motion is **granted**.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

This case arises out of Defendant NaphCare, Inc.'s alleged failure to provide adequate medical care to Plaintiff Shawn Allen Cottrell while he was incarcerated at the Spokane County Jail. NaphCare contracts with the Spokane County Jail to provide medical services to inmates. NaphCare provided such services to Plaintiff in 2016 while he was incarcerated at the Spokane County Jail. Defendants Julie Hutchinson, Mary Jane Johnson, and Sylvie Stacy are employees of Naphcare.

According to Plaintiff, on at least four occasions, Defendants failed to provide HIV medication to Plaintiff. *See* ECF No. 14 at 13-16, ¶¶ 1.9, 1.10, 1.14, 1.17. Plaintiff also complains (2) that he was given "a very serious fungal medication" for "months" even though the "dosing schedule for the [medication] was '21 days only'", ECF No. 14 at 16, ¶ 1.19, and (2) that he was "denied a regular appointment with [his] HIV Doctor" for "4-5 months". ECF No. 14 at 17-18, ¶ 1.23. Plaintiff alleges he was deprived of his constitutional rights when he suffered "irreversible, and [] wanton affliction of pain, and continuance of suffering" as a result of Defendants' inadequate medical treatment. *See* ECF No. 14 at 22, ¶ 1.31. Specifically, Plaintiff alleges that the conduct caused him "to suffer in chronic and substantial pain, internal injury, lack of sleep, and substantial [irreparable], irreversible injury." ECF No. 14 at 12, ¶ 1.5.

Plaintiff filed suit against the above-named Defendants and two Jane Does on June 20, 2017, asserting a claim under 42 U.S.C. § 1983 based on the alleged inadequate medical care. *See* ECF No. 1. Plaintiff filed the First Amended Complaint (ECF No. 14) on October 12, 2017; this is the operative complaint.[1] In the First Amended Complaint, Plaintiff requests declaratory and injunctive relief against NaphCare, along with compensatory and punitive damages from all the named Defendants. *See* ECF No. 14 at 30-31, ¶ 1.45.

---

[1] On September 25, 2018, Plaintiff requested leave to file a second amended complaint to replace the Jane Doe designations. ECF No. 42. The Court observed that Plaintiff failed to state a claim against the Jane Doe Defendants and allowed Plaintiff to file an amended complaint to cure the deficiencies <u>as to the Jane Does</u>. ECF No. 57 at 3-7. Plaintiff submitted a "Second Amended Complaint" and requested the Court order service to be completed by the U.S. Marshall Service. *See* ECF No. 71 at 2. The Court found the Second Amended Complaint went beyond what the Court authorized, added new parties in violation of the scheduling order, and did not cure the deficiencies as to the Jane Does. ECF No. 71 at 2-4. Accordingly, the Court dismissed the Jane Doe and the newly-named defendants. ECF No. 71 at 4-5.

Defendants now request the Court enter summary judgment in their favor, *inter alia*. ECF No. 72. Plaintiff was provided the required *Rand v. Rowland*, 154 F.3d 952 (1998) Notice. ECF No. 75. Despite that warning, Plaintiff has not filed a Response. Defendants filed a Reply, again requesting the Court enter judgment in their favor. ECF No. 76.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Per Rule 56(c), the parties must support assertions by: "citing to particular parts of the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or than an adverse party cannot produce

admissible evidence to support the fact." Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id*. at 252.

## DISCUSSION

Defendants request summary judgment, *inter alia*, arguing Plaintiff's claim must fail because he has not provided an expert opinion in support of his claim that he was harmed by the complained-of conduct. ECF No. 72. Defendants argue that Plaintiff's claim of harm must be established by competent medical expert testimony because the matter of causation at hand – connecting a few missed HIV doses, overmedication of a fungal medication, and a delayed visit to an off-site specialist – is not within the purview of the lay man. The Court agrees.

Under 42 U.S.C. § 1983, "any citizen of the United States or other person within the jurisdiction thereof" can bring suit against any "person who, under color of any statute, ordinance, regulation, custom, or usage" violates their constitutional rights. Here, Plaintiff claims Defendants violated his Eighth and Fourteenth Amendment rights. *See* ECF No. 14 at 21-28, ¶¶ 1.29-1.42.

The Eighth Amendment prohibits against cruel and unusual punishment – as applied to the states via the Fourteenth Amendment Due Process Clause – requires that jails and prisons provide adequate medical care to the incarcerated. *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019 ("With only 'a handful' of exceptions, [the Supreme] Court has held that the Fourteenth Amendment's Due Process clause incorporates the protections contained in the Bill of Rights, rendering them applicable to the States[,]" including the Eighth Amendment's proscriptions of "cruel and unusual punishment"). The "Bill of Rights protections [are] 'enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment.'" *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010) (quoting *Malloy v. Hogan*, 378 U.S. 1, 10 (1964)).

To succeed on a "claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106.

"[C]omplex questions of medical causation require expert testimony, even in a Section 1983 case." *McGiboney v. CCA W. Properties, Inc.*, No. 1:13-CV-

00214-REB, 2016 WL 843253, at *8 (D. Idaho Mar. 1, 2016); *Williams v. Cty. of Los Angeles*, 695 F. App'x 192, 193 (9th Cir. 2017) (summary judgment proper where expert testified that the Defendants' actions did not cause the underlying death of the inmate and Plaintiff failed to "offer any evidence or argument to dispute this critical medical expert testimony"); *see Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000) ("[W]hen the injury is a 'sophisticated' one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony."); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses"); *Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983) (recognizing need for "outside medical specialists to develop evidence concerning diagnosis, causation, treatment, and prognosis").

At issue here is whether Plaintiff must provide expert testimony to support his claim of harm. *See Estelle v. Gamble*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs."). If so, his failure to produce competent expert testimony in response to Defendants' summary judgment is fatal to his claim.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ~ 7

In Plaintiff's First Amended Complaint, Plaintiff asserts that, as a result of the missed medications, the over-medication, and the delay in seeing an off-site physician, Plaintiff suffered "chronic and substantial pain, internal injury, lack of sleep, and substantial [irreparable], irreversible injury." ECF No. 14 at 12, ¶ 1.5. Plaintiff argues that "[c]ommon sense dictates that without HIV medication a patient will sustain [irreparable], irreversible harm and will 'DIE'". ECF No. 14 at 28-29, ¶ 1.42. Defendants put forward an equally conclusory argument that "[t]here can be no question that the issues raised by [Plaintiff's] First Amended Complaint are complicated and beyond the 'common knowledge of laypersons.'" ECF No. 72 at 7.

The Court finds the issue of causation is beyond the realm of the lay opinion and expert testimony is needed to support Plaintiff's claim of harm. Despite Plaintiff's assertion otherwise, it is not clear what impact the complained of conduct had on Plaintiff. In other words, the connection between missing a few doses of HIV medication and the overmedication of fungal medication and the complained of harms is uncertain without expert testimony. Plaintiff's failure to produce expert testimony entitles Defendants to summary judgment.

Moreover, Defendants have provided the opinion of Francis X. Riedo, M.D. and William Gause, RN, MSN, ANP, CCHP, both of whom opine that (1) Mr. Cottrell's complaints cannot be traced to his HIV antiviral medication and that (2)

Mr. Cottrell did not suffer any increase in symptoms due to what the medical staff did or did not do. *See* ECF No. 72 at 8. This evidence is sufficient to establish that, without evidence to the contrary, no reasonable jury could conclude that Plaintiff was harmed by Defendants' conduct. Defendants are thus entitled to summary judgment on the merits.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants NaphCare, Inc., Mary Jane Johnson, Julie Hutchinson, and Sylvie Stacy's Motion to Dismiss and Motion for Summary Judgment (ECF No. 72) is **GRANTED**.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ~ 9

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk is directed to enter this Order, enter judgment for Defendants, furnish copies to the parties, and close the file.

**DATED** June 7, 2019.



THOMAS O. RICE
Chief United States District Judge